RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE  12, 06, 06
BY  kh

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| STEVEN AUBREY BURNETTE | DOCKET NO. 06-1396, SEC. "P" |
|---|---|
| VERSUS | JUDGE DRELL |
| U.S. BUREAU OF PRISONS, ET AL. | MAGISTRATE JUDGE KIRK |

## MEMORANDUM ORDER

Before the Court is the pro se complaint of Plaintiff Steven Aubrey Burnette, filed *in forma pauperis* ("IFP") on March 16, 2006. Burnette is currently incarcerated at the United States Penitentiary in Atwater, California. Burnette has raised claims under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) regarding injuries allegedly sustained while housed at the United States Penitentiary in Pollock, Louisiana ("USP-P").

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

## PROCEDURAL BACKGROUND

Plaintiff previously filed a Bivens[1] case in this Court, which was dismissed as frivolous and for failing to state a claim for which relief could be granted. Burnette v. Federal Bureau of Prisons, #05-cv-1804 (WDLA). In that lawsuit, Plaintiff presented civil rights violations in the form of denial of proper medical care, unconstitutional conditions of confinement, failure to protect, and retaliation, all stemming from an incident that occurred on June 9, 2004. On that date, Plaintiff was allegedly

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397, 29 L.Ed. 2d 619, 91 S.Ct. 1999 (1971) affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution. The Bivens decision has been interpreted by courts as the counterpart to § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. See Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999).

attacked by other inmates, causing him serious physical injuries. The <u>Bivens</u> lawsuit was dismissed, and Plaintiff has appealed the Judgment of this Court to the United States Fifth Circuit Court of Appeal. Plaintiff also filed the instant suit on September 25, 2006, seeking compensatory damages under the Federal Tort Claims Act ("FTCA") for the prison's failure to protect him from the attack of June 9, 2004.

## LAW AND ANALYSIS

The FTCA prescribes that district courts have jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The FTCA contains its own exhaustion provision. That is, before bringing an action in federal district court under the FTCA, the plaintiff must fully exhaust all administrative remedies. See <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); <u>Price v. United States</u>, 81 F.3d 520, 521 (5th Cir. 1996). In <u>Adams v. United States</u>, 615 F.2d 284, 288 (5th Cir.), <u>clarified</u>, 622 F.2d 197 (5th Cir.1980), the Fifth Circuit quoted from the legislative history of the Act in observing that, in enacting the notice requirement, Congress sought "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States ··· [and] providing for more fair and equitable treatment of private individuals and claimants when they deal with the Government···." <u>Id.</u>

Under the FTCA, an action is barred unless the appropriate agency receives notice within two

years after the action accrues. 28 U.S.C. § 2401(b). When the agency denies the claim, or fails to act on the claim for six months, suit may be filed in federal court. Id. Pursuant to the congressional authorization contained in 28 U.S.C. § 2672, the Attorney General has promulgated regulations designed to facilitate the administrative negotiations and settlement process. 28 C.F.R. §§ 14.1-14.11. Section 14.2(a) lists the elements constituting notice-a written notification of the injury-causing incident, a monetary claim in a sum-certain for property damage and personal injury, and authorization by the claimant. See Montoya v. U.S., 841 F.2d 102, 104 (5th Cir. 1988).

Therefore, the exhaustion procedures for tort claims under the FTCA are separate and distinct from the exhaustion requirements for a Bivens or other type of claim. See Lambert v. United States, 2006 U.S. App. LEXIS 21963 (11th Cir. 2006); Janis v. United States, 162 Fed. Appx. 642 (7th Cir. 2006). Plaintiff has not provided the Court with evidence of exhaustion under the FTCA. Because this requirement is jurisdictional in nature, the filing of a claim with the appropriate agency cannot be waived. See Gregory v. Mitchell, 634 F.2d 199, 203-04 (5th Cir. 1981). Therefore, the Court will grant Plaintiff leave to amend his complaint within thirty days to provide evidence of complete exhaustion **under the FTCA**. See 28 U.S.C. § 1653. That is, Plaintiff should provide documents establishing that he provided the BOP with written notification of the injury-causing incident as well as a monetary demand for his personal injuries.

Accordingly,

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED that Plaintiff has thirty [30] days from the date of this Order to correct any defective jurisdictional allegations in his complaint by providing the Court with**

3

evidence of exhaustion under the FTCA.[2]

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 5th day of December, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[2]Generally, a claimant files a Standard Form 95 (SF-95), which is used to present claims against the United States under the Federal Tort Claims Act for property damage, personal injury, or death allegedly caused by a federal employee's negligence or wrongful act or omission occurring within the scope of the employee's Federal employment. These claims must be presented to the federal agency whose employee's conduct gave rise to the injury. The Form 95 need not be used to present a claim, but is a convenient format for supplying the necessary information. The Form 95 must be completed and state a claim for money damages in a sum certain amount claimed for injury to or loss of property, personal injury, or death. If a sum certain is not specified, a submission cannot be considered to be a valid claim. The completed Form 95 must be presented to the appropriate federal agency within two years after the claim accrues. See www.usdoj.gov.