```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF LOUISIANA

                         ALEXANDRIA DIVISION


STEVEN AUBREY BURNETTE,          CIVIL ACTION
          Plaintiff              NO. CV06-1396-A
                                 c/w CV05-1804 (Lead Case)
VERSUS

U.S. BUREAU OF PRISONS, et al.,  JUDGE DEE D. DRELL
          Defendants             MAGISTRATE JUDGE JAMES D. KIRK
```

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a complaint filed pursuant to the Federal Tort Claims Act by Steven Aubrey Burnette ("Burnette") (Doc. 1). The named defendants are the U.S. Bureau of Prisons ("BOP"), its insurer, and the United States of America (Docs. 1, 80). This suit has been consolidated (Doc. 58) with a complaint filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), on August 14, 2006, against the BOP and several of its employees in case number CV06-1396.

The Bureau of Prisons filed a motion to dismiss the Burnette Federal Tort Claims Act suit, number CV06-1396, on the grounds that this court lacks subject matter jurisdiction, the United States has never been served with process, and this suit is time-barred due to the lack of service of process (Doc. 44 in case no. CV06-1396, and

Doc. 64 in case no. CV05-1804).

Law and Analysis

Defendants contend this court lacks subject matter jurisdiction over this suit because the BOP has sovereign immunity from suit, the wrong defendants were served, the United States was not made a defendant in this suit, and this suit is time-barred.

1.

First, it is noted that the United States was added as a defendant in these consolidated cases pursuant to an order of this court (Docs. 76, 80, 84).  Therefore, defendants' argument that the case should be dismissed because the United States has not been made a defendant is meritless.

2.

Next, defendants contends Burnette's case should be dismissed because the BOP has sovereign immunity from suit and the United States was not made a defendant.

Burnette sued the BOP pursuant to the FTCA.  To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991).  As noted above, the United States was added as a defendant.

Therefore, the BOP should be dismissed from Burnette's Federal

Tort Claims Act suit (case No. CV06-1396), and only the United States should remain as a defendant. Since the United States remains as a defendant in this suit, defendant's motion to dismiss the action altogether is meritless.

3.

Next, defendants contend Burnette's suit is time-barred because the United States was never served. Burnette claims that, while he was incarcerated in the USP-Pollock on June 9, 2004, he was attacked, beaten, and injured by other inmates in an unmonitored area of the prison. Burnette filed an Federal Tort Claims Act ("FTCA") claim notice with the Bureau of Prisons on September 19, 2005 (Doc. 1, Ex.). Burnette's tort claim was denied by the BOP on February 27, 2006 (Doc. 1, Ex.). Burnette filed his FTCA complaint in this court on August 14, 2006 (Doc. 1).

Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency.[1] Furnishing notice is a

---

[1] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675.

jurisdictional prerequisite to filing suit under the FTCA. A claimant gives proper notice within the meaning of Section 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. No particular method of giving notice is required. The usual method, however, is by filing a Form 95 with the agency. A plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim. 28 U.S.C. § 2401(b). Cook v. United States, 978 F.2d 164, 165-166 (5th Cir. 1992), and cases cited therein.

Burnette properly notified the BOP of his tort claim (Doc. 1, Ex. 2), then filed his suit in this court on August 14, 2006, within six months after the BOP denied his claim on February 27, 2006 (No. 06-1396, Doc. 1, Ex. 2). Burnette moved to amend his complaint to add the United States as a defendant in his Federal Tort Claims Act suit on March 20, 2008 (Doc. 73), and that motion was granted on April 4, 2008 (Doc. 84).

Defendants argue, however, that since the United States (through the U.S. Attorney General) has not been served with process (See Fed.R.Civ.P. rule 4(i)(2)), it is not yet a party to this suit, and further argue that service on the United States at this point would be outside of the 120 day time limit for service under Fed.R.Civ.P. rule 4(m). Defendants also contend that service

on the United States now would not relate back to the original August 14, 2006, filing date of this suit because the United States was not served within 120 days of being added to this suit. Defendants admit that, had the U.S. Attorney General, or even the U.S. Attorney, been served on behalf of the Bureau of Prisons, pursuant to Fed.R.Civ.P. rule 4(i)(2), that would have sufficed to give the United States sufficient notice of the suit for the addition of the United States as a party to relate back to the original filing date of the suit.

Federal Rules of Civil Procedure rule 4 provides that the U.S. Attorney General and the U.S. Attorney SHALL be served when an agency of the United States is made a defendants. However, neither of them was served; instead the Director of the Bureau of Prisons received service of the summons and complaints (Doc. 36, 88).[2]

However, Burnette had problems with the Bureau of Prisons at USP-Atwater, where he was then incarcerated, rejecting the service documents mailed to Burnette by the Clerk of Court; a letter from the prison to the court explained that, since the forms had carbon paper attached, they were considered contraband and were returned to the court by the prison (Doc. 88, 89).  Since then, the defendants, through U.S. Attorney, filed this motion to dismiss and a motion to stay both suits pending a decision on their motion to

---

[2] This Federal Tort Claims Act suit, as well as Burnette's Bivens suit, were mis-classified and treated by the office of the Clerk of Court as Section 1983 civil rights suits.

dismiss (Doc. 101). The stay was granted (Doc. 102), and Burnette's motions for service on the United States (Doc. 115) and motions for assistance in effecting service on all defendants were not ruled on due to the stay.

Although the Attorney General was not served and the U.S. Attorney was not provided with a copy of the summons and complaints, the fault did not lie with Burnette. Apparently, the Bureau of Prisons, through USP-Pollock, provided the U.S. Attorney with copies of the complaint, thereby giving at least the U.S. Attorney notice of the suit.

Under the circumstances of this case, Burnette has shown good cause, pursuant to Rule 4(m), for the failure to timely effect service on the United States. See Henderson v. U.S., 517 U.S. 654, 116 S.Ct. 1638 (1996). Burnette's suits should not be dismissed due to problems with service caused by the Bureau of Prisons and the stay of all proceedings in these cases requested by the government. Burnette, a pro se plaintiff proceeding in forma pauperis, did not cause the problems with service in these cases and has tried, repeatedly, to have them rectified by the court and the Clerk of Court's office. Therefore, the defendants' motion to dismiss Burnette's suits for failure to properly effect service on the United States should be denied.

Burnette will be granted an extension of time for service in a separate order and the Clerk of Court will be directed to fill

out the summonses and complaints for service on the United States and ensure they are delivered correctly in compliance with Rule 4(i).

<u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that defendants' motion to dismiss Burnette's action against the Bureau of Prisons in case number CV06-1396 should be GRANTED.

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss Burnette's action against the United States in case number CV06-1396 should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND**

**LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this  10th  day of June, 2008.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE