

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN AUBREY BURNETTE, Plaintiff | CIVIL ACTION SECTION "P" NO. CV06-1396-A |
| VERSUS | |
| BUREAU OF PRISONS, et al., Defendants | JUDGE DEE D. DRELL MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a claim filed by Steven Aubrey Burnette ("Burnette") pursuant to the Federal Tort Claims Act ("FTCA") against the United States of America on August 14, 2006. Burnette, an inmate of the Bureau of Prisons, filed a claim for "negligent supervision and deliberately contributing to the assault causing plaintiff significant physical injury and disability," stemming from his confinement in the United States Penitentiary in Pollock, Louisiana. Burnette filed a separate Bivens suit against individual employees of the BOP at USP-Pollock, alleging claims which arise from the same assault alleged in this suit.

In the FTCA suit, which is currently before the court, the

United States filed a motion to dismiss Burnette's failure to protect claims pursuant to Fed.R.Civ.P. rule 12(b)(1), alleging lack of subject matter jurisdiction (Doc. 127). Defendants argue this court lacks subject matter jurisdiction due to res judicata because (1) Burnette's failure to protect claims were raised and dismissed in Burnette's <u>Bivens</u> suit, (2) Burnette has not exhausted his claims pursuant to the FTCA, and (3) Burnette's claims are untimely under the FTCA. Burnette filed a brief in opposition to the motion (Doc. 135). Defendant's motion to dismiss is now before the court for disposition.

1.

A Rule 12(b)(1) motion is a motion to dismiss for lack of subject matter jurisdiction. However, the preclusion doctrines of res judicata and collateral estoppel are not jurisdictional in nature, see <u>Exxon Mobil Corp. v. Saudi Basic Industries Corp.</u>, 544 U.S. 280, 293, 125 S.Ct. 1517 (2005), and thus are not properly brought pursuant to Rule 12(b)(1). Instead, res judicata is an affirmative defense. Rule 8(c).

Motions to dismiss are viewed with disfavor and are rarely granted. Generally, a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense. <u>Test Masters Educ. Serv., Inc. v. Singh</u>, 428 F.3d 559, 571 (5th Cir. 2005), cert. den., 547 U.S. 1055 (2006). However, since Burnette has not challenged the defendants' ability to alleged an

affirmative defense in a motion to dismiss, see Norris v. Hearst Trust, 500 F.3d 454, 461 n. 9 (5th Cir. 2007), the court will consider it as a motion to dismiss pursuant to Rule 12(b)(6). See Hall v. Hodgkins, 2008 WL 5352000 (5th Cir. Dec. 23, 2008). With respect to a specific affirmative defense such as res judicata, the rule is that, if the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of on a 12(b)(6) motion to dismiss. Clifton v. Warnaco, Inc., 53 F.3d 1280 n.13 (5th Cir. 1995), citing Larter & Sons v. Dinkler Hotels Co., 199 F.2d 854 (5th Cir. 1952). Also, Test Master Educational Serv., Inc., 428 F.3d at 570 n.2. Therefore, defendant's motion to dismiss Burnette's failure to protect claims due to res judicata will be considered a motion to dismiss pursuant to Rule 12(b)(6).[1]

---

[1] It is noted that the defendant submitted numerous documentary exhibits with its motion to dismiss - documents which clearly fall outside of the pleadings. However, since those documents are not relevant to the issue of res judicata, defendant's motion to dismiss for res judicata will be considered pursuant to Rule 12(b)(6) and will not be converted to a motion for summary judgment pursuant to Rule 12(b) and Rule 56.
Also, according to Federal Rule of Civil Procedure 8(c), the United States should have either pleaded res judicata in its original answer or sought to amend its answer pursuant to Rule 15(a) to raise this affirmative defense. However, where the matter is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply precisely with Rule 8(c) is not fatal. Lafreniere Park Foundation v. Broussard, 221 F.3d 804, 808 (5th Cir. 2000), citing United States v. Shanbaum, 10 F.3d 305, 312 (5th Cir. 1994). Given the early stages of this case, raising the defense of res judicata through a motion to dismiss does not appear to have resulted in unfair surprise to the plaintiff. Therefore, the defendant will

The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion. Test Masters Educ. Serv., Inc., 428 F.3d at 571. In the case at bar, the United States claims res judicata is applicable to Burnette's failure to protect claim.

Res judicata, or claim preclusion, has four requirements: (1) that the parties be identical or in privity; (2) that the prior judgment be rendered by a court of competent jurisdiction; (3) that the prior action be concluded by a final judgment on the merits; and (4) that the same claim be involved in both actions. Test Masters Educ. Serv., Inc., 428 F.3d at 571, and cases cited therein. Also, Hall v. Hodgkins, 2008 WL 5352000 (5th Cir. Dec. 23, 2008).

First the court must determine whether the United States and the Bivens suit defendants are identical or in privity. Although obviously not identical defendants, the United States was clearly "in privity" with the individual defendants sued in Burnette's Bivens suit, officers who were employed by the Bureau of Prisons at the United States Penitentiary in Pollock, Louisiana. A non-party is in privity with a party for res judicata for res judicata purposes in three instances: (1) if he is a successor in interest to the party's interest in the property; (2) if he controlled the

---

not be considered to have waived its res judicata defense.

4

prior litigation; or (3) if the party adequately represented his interests in the prior proceeding. Jackson v. U.S., 30 F.3d 1492, *7 (5th Cir. 1994), cert. den., 513 U.S. 1115 (1995), citing In re Baudoin, 981 F.2d 736, 743 (5th Cir. 1993). The individual defendants in the Bivens suit were the officers involved in the incidents alleged by Burnette in the case at bar, and were employed by the Bureau of Prisons, an agency of the United States. Therefore, the Bivens suit defendants adequately represented the United States' interests in the prior proceeding.

Next, it is clear the prior judgment in Burnette's Bivens case, rendered by the U.S. District Court for the Western District of Louisiana, Alexandria Division, was rendered by a court of competent jurisdiction. It is likewise clear that the failure to protect claims raised in Burnette's Bivens action were dismissed pursuant to a final judgment on the merits. The district court dismissed Burnette's Bivens action in its entirety, thereby dismissing his claims that the individual prison officials failed to protect him. On appeal, the Fifth Circuit Court of Appeals deemed the failure to protect claims abandoned because Burnette failed to argue them in his brief and upheld the judgment of dismissal.

A final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action. The fact that a plaintiff voluntarily

abandoned a theory of liability prior to the district court's judgment on the merits does not afford plaintiff the opportunity to resurrect that theory in a subsequent suit. See <u>Maher v. GIS Lumonics, Inc.</u>, 433 F.3d 123, 126 (1st Cir. 2005); <u>Banks v. Int'l Union Electronic, Electrical, Technical, Salaried & Machine Workers</u>, 390 F.3d 1049, 1052 (8th Cir. 2004). Therefore, Burnette's failure to protect claims were dismissed by a final judgment on the merits.

Finally, the United States shows the same claim is involved in both actions. Two cases involve the same cause of action for res judicata purposes if they are based on the same nucleus of operative facts. <u>Jackson</u>, 30 F.3d at *7. In the case at bar, Burnette alleges in his FTCA complaint the facts of the inmate assault on him on June 9, 2004, and contends the United States is liable to him for failing to provide him with a safe and secure living environment and for failing to protect him against the inmate attack (Doc. 65). In his <u>Bivens</u> action, Burnette alleged the individual officers failed to protect him from the inmate assault on June 9, 2004 - the same event alleged in the FTCA complaint. It is clear that the two causes of action are based on the same nucleus of operative facts. Burnette attempts to distinguish the two cases because he alleges different theories of liability. However, the two cases involve the same operative set of facts - the assault and the conditions prevailing at the prison

6

at that time - on which his theories of liability are based. Moreover, if Burnette failed to state a failure to protect claim against the individual officers who were supposed to be protecting him at the time, then Burnette's claim against the United States for "negligent supervision" of its employees, i.e. failing to ensure its employees protected Burnette from the assault by other inmates, must also fail.

Therefore, the United States has carried its burden of demonstrating Burnette's FTCA claim for failure to protect should be dismissed for res judicata. Since Burnette's failure to protect claims against the <u>Bivens</u> suit defendants were dismissed on the merits, Burnette's failure to protect claims against the United States should be barred by res judicata.

For clarity, it is noted that only Burnette's failure to protect claims against the United States should be dismissed, leaving open Burnette's remaining claims, including allowing gang members to roam unmonitored, selling or making metal combination locks available to inmates for use as weapons, failing to ensure officers are in their assigned areas, and failing to properly monitor housing units.

2.

Pursuant to Rule 12(b)(1), the United States further claims Burnette has not exhausted his claims pursuant to the FTCA and that his suit is untimely.

The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. McNeil v. U.S., 508 U.S. 106, *113, 113 S.Ct. 1980, **1984 (1993). Under the FTCA, a plaintiff must give notice of his claim to the appropriate federal agency.[2] Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA. A claimant gives proper notice within the meaning of Section 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value on his claim. No particular method of giving notice is required. The usual method, however, is by filing a Form 95 with the agency. A plaintiff waives his claim if he fails to 1) notify the agency in writing about his claim within two years after the claim accrues, or 2) file suit within six months after the agency denies his claim. 28

---

[2] "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim." 28 U.S.C. § 2675.

U.S.C. § 2401(b).[3]  Cook v. United States, 978 F.2d 164, 165-166 (5th Cir. 1992), and cases cited therein.

It is clear from the defendant's submissions (Doc. 132) that Burnette filed an administrative tort claim with the Bureau of Prisons/Department of Justice, concerning the June 9, 2004 assault and his conditions of confinement from June 9, 2004, through December 10, 2004, on September 16, 2005. Burnette's tort claim was investigated and denied as set forth in a letter from Regional Counsel Michael D. Hood of the Bureau of Prisons/Department of Justice, bearing a date stamp of February 27, 2006. Burnette then filed this FTCA action on August 14, 2006. Clearly, Burnette gave notice within two years after his claim accrued, and filed suit within six months after the agency denied his claim. Moreover, the same evidence shows Burnette exhausted his administrative remedies prior to filing his suit in this court.

---

[3] Pursuant to 28 U.S.C. 2401,
"(a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.
(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

Since Burnette exhausted his administrative remedies and his FTCA suit is timely, defendant's motion to dismiss pursuant to 12(b)(1) for lack of exhaustion and untimeliness should be denied.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the defendant's motion to dismiss Burnette's failure to protect claim as barred by res judicata, pursuant to 12(b)(6), be GRANTED and that Burnette's failure to protect claim be DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6).

IT IS FURTHER RECOMMENDED that defendants' motion to dismiss Burnette's failure to protect claim as untimely and for failure to exhaust his administrative remedies, pursuant to 12(b)(1), be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 6th day of February, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE