UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **STEVEN AUBREY BURNETTE** | **CIVIL ACTION NO. 1:06-cv-01396** |
| -vs- | **JUDGE DRELL** |
| **U.S. BUREAU OF PRISONS, et al.** | **MAGISTRATE JUDGE KIRK** |

### R U L I N G

For the reasons that follow, the defendant's Motion to Reconsider Ruling (Doc. 189) is **GRANTED IN PART** and **DENIED IN PART**. Disposition will follow by a separate order.

I.  **Background**

Pending now before the Court is a motion by the defendant, the U.S. Bureau of Prisons ("BOP") for reconsideration of its ruling of September 30, 2009 (Doc. 178). That ruling adopted, with certain modifications, the Report and Recommendations of the magistrate judge (Doc. 144), and resulted in the dismissal of a number of claims made by the plaintiff, Steven Aubrey Burnette ("Mr. Burnette"), as barred by res judicata. Some of Mr. Burnette's claims, however, were deemed viable and remain part of the lawsuit as it stands today.

Mr. Burnette was an inmate at the United States Penitentiary in Pollock, Louisiana ("USP Pollock") when the events giving rise to this lawsuit occurred. He filed suit under the Federal Tort Claims Act (FTCA) in September 2006 (Doc. 5), alleging that the BOP, through a number of supervisory shortcomings, neglected to

reasonably provide him with a safe environment, which subsequently led to a violent physical attack upon him by other inmates. Mr. Burnette also filed a separate Bivens lawsuit, based upon these same events. The Bivens lawsuit, which included various "failure to protect" claims, was dismissed in its entirety, and that dismissal was affirmed on appeal.[1] Based upon the final adjudication of this lawsuit, the magistrate judge, in reviewing the BOP's motion to dismiss (Doc. 127) in the instant FTCA lawsuit, held that all but four of Mr. Burnette's claims were barred by res judicata. (Doc. 144 , p. 7).[2] In our judgment partially adopting the Report and Recommendations of the magistrate judge, we further narrowed the four remaining claims to two: negligence as to (1) "allowing gang members to roam unmonitored, and" (2) "selling or making metal combination locks available to inmates for use as weapons." (Doc. 178, p. 2). As such, only these two claims are still pending.

The BOP now requests that we reconsider our ruling as to (1) whether Mr. Burnette has exhausted the administrative remedies available for the two claims that remain in the lawsuit, and (2) whether the plaintiff is barred from recovering punitive damages in this case. (Doc. 189, p. 3). The basic contention in the BOP's motion is that if these claims were not barred by res judicata, i.e. if they were not part and parcel of the barred failure to protect claim, then they should be dismissed under Fed.

---

[1] The dismissal was based upon Mr. Burnette's abandonment of his claims in the Bivens lawsuit. See Burnette v. Bureau of Prisons, et al., No. 05-1804.

[2] The remaining claims identified by the magistrate judge were "allowing gang members to roam unmonitored, selling or making metal combination locks available to inmates for use as weapons, failing to ensure officers are in their assigned areas, and failing to properly monitor housing units." (Doc. 144, p. 7).

2

R. Civ. P. 12(b)(1) for failure to exhaust administrative remedies. As to punitive damages, the government asserts that a blanket statutory ban on the recovery of punitive damages applies in this case. We will consider each argument in turn.

II. **Law and Analysis**

    A. **The Request for the Additional Relief of Dismissal Under Rule 12(b)(1)**

The BOP contends that this Court lacks subject matter jurisdiction because the remaining claims, if distinct from the failure to protect claim, have not been administratively exhausted. Therefore, the BOP claims that the suit must be dismissed under Fed. R. Civ. P. 12(b)(1). We disagree.

Under the FTCA, before filing suit in a federal court, tort claimants seeking to recover damages against the United States must exhaust their administrative remedies, or in other words, must present their claims to the appropriate federal agency and obtain a final adjudication of those claims. See 28 U.S.C. § 2675(a).[3] "Section 2675(a) is satisfied . . . 'if the [plaintiff] (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'" Frantz v. United States, 29 F.3d 222, 224 (5th Cir. 1994). If a plaintiff fails to meet these requirements, dismissal for lack of subject matter

---

[3] This provisions states specifically:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.
28 U.S.C. § 2675(a). Thus, under the terms of this provision, "[p]resentment of a claim to the appropriate agency and denial of that claim by the agency in writing, sent by registered or certified mail, are prerequisites to a tort suit brought against the United States." Flory v. United States, 138 F.3d 157, 159 (5th Cir. 1998).

3

jurisdiction is warranted. See, e.g., Reynolds v. United States, 748 F.2d 291, 292-93 (5th Cir. 1984).

While the "presentment" or "exhaustion" requirement is both longstanding and jurisdictional in nature, it is not completely inflexible, according to the Fifth Circuit:

> The statutory purpose of requiring an administrative claim is "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." This purpose will be served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant. Accordingly, we think that if the Government's investigation of [the plaintiff's] claim should have revealed theories of liability other than those specifically enumerated therein, those theories can properly be considered part of the claim.

Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980) (internal citations omitted). Citing its analysis of the § 2675(a) requirements in Rise, the Fifth Circuit subsequently held that it "has not required plaintiffs to specifically enumerate legal theories of recovery in their administrative claims." Frantz, 29 F.2d at 224; accord Southern v. United States, 503 F. Supp. 2d 829, 835-36 (W.D. Tex. 2007) ("In presenting his claim to the administrative agency, a plaintiff need only provide a basic outline of his allegations; he is not required to set forth extensive details regarding the facts and legal theories underlying his claim.").[4]

In this case, Mr. Burnette presented to the BOP (the appropriate federal

---

[4] The view expressed by the court in Rise has been approvingly cited and followed by other circuits as well. See, e.g., Free v. United States, 885 F.2d 840, 843 (11th Cir. 1989); Johnson v. United States, 788 F.2d 845, 849 (2d Cir. 1986).

4

agency) claims arising from the same events that gave rise to this lawsuit; specifically, an assault perpetrated by another inmate using a metal padlock in a sock, which occurred on June 9, 2004. (Doc. 128-3, Exh. 1-C, p. 2). In a response dated February 27, 2006, the BOP denied Mr. Burnette's claim for damages, stating that "no evidence indicates that [Mr. Burnette] suffered any injuries caused by the negligent or wrongful act or omission of any [BOP] employee." (Doc. 128-3, Exh. 1-C, p. 2).[5] As instructed by the BOP in this same correspondence, Mr. Burnette filed suit within 6 months of the denial of his administrative claim.

The question presented by the government's motion is whether the BOP's denial encompassed the two negligence claims that survived our affirmance of the magistrate judge's ruling. Again, those claims involved negligence arising from the BOP's alleged allowance of gang members to roam the prison at USP Pollock unmonitored, and the selling of metal locks to prisoners, which can be (and purportedly were, in this case) used as weapons. The Court finds that these claims were adjudicated as part of the BOP administrative ruling.

In making this determination, we look principally to the ruling itself. In the ruling, the BOP references its understanding of Mr. Burnettes's claims as including a claim that USP Pollock "staff failed to provide a safe and secure environment, which led to [the June 9, 2004] assault." (Doc. 128-3, Exh. 1-C, p. 1). The ruling also denies

---

[5] The BOP also denied Mr. Burnette's claim of inadequate medical treatment in this ruling as well. (Doc. 128-3, Exh. 1-C, pp. 1-2). One month later, the BOP denied another similar claim by Mr. Burnette resulting from a September 30, 2004 assault allegedly committed by the same inmate involved in the June 9, 2004 incident. The BOP found no negligence on the part of USP Pollock officials, because Mr. Burnette denied the June 9, 2004 incident at that time, and failed to advise USP Pollock officials of the alleged attacker's identity. (Doc. 128-2, Exh. 1-B, pp. 9-10). Neither of these claims is relevant here, and thus, the administrative findings on them will not impact this ruling.

that BOP employees at USP Pollock had "information regarding a possible assault on" Mr. Burnette prior to the assault actually taking place. (Doc. 128-3, Exh. 1-C, p. 2). The BOP denied these claims under the broad heading of "negligence," finding no liability on the BOP's part which may have contributed to the assault upon Mr. Burnette.

These findings are sufficient to support our determination that Mr. Burnette has exhausted his administrative remedies as to the two remaining claims. Giving Mr. Burnette's arguments a flexible and broad interpretation, as we must do with pro se litigants,[6] it is reasonable to surmise that the claims were presented to the BOP administrative panel. More to the point, we can conclude under Rise that "the Government's investigation of [Mr. Burnette's] claim should have revealed theories of liability other than those specifically enumerated therein," and therefore, that "those theories can properly be considered part of the claim." 630 F.2d at 1071. The two remaining theories of liability clearly fall within the broader heading of "negligence," which was specifically considered (and denied) by the BOP.

Finally, we reject the government's contention that the two remaining claims may fall into only two classifications: (1) claims which were part and parcel of Mr. Burnette's Bivens suit, and therefore, which are now barred by res judicata, or (2) claims which were never presented at the administrative level, and thus, which have not been exhausted. Rather, the Court finds that these two claims fall into a third

---

[6] In accordance with settled precedent, the Court holds Mr. Burnette's filings to a less exacting standard than the filings of an attorney, and construes Mr. Burnette's arguments liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Parker v. Fort Worth Police Dept., 980 F.2d 1023, 1026 (5th Cir. 1993).

category: they are claims which are both distinct from the claims in Mr. Burnette's Bivens lawsuit, but which were considered at the administrative level (at least in the broad sense contemplated under Rise and the jurisprudence governing our interpretation of pro se pleadings).

Because Mr. Burnette's remaining two negligence claims were presented to and rejected by the BOP at the administrative level, they have been exhausted under 28 U.S.C. § 2675(a). The Court does have subject matter jurisdiction over them.

Therefore, the BOP's motion to dismiss under Fed. R. Civ. P. 12(b)(1) is hereby **DENIED**.

### B. Punitive Damages

In its motion to dismiss, the BOP urged that the plaintiff's claims for punitive damages were invalid because "[p]unitive damages are not recoverable against the United States." (Doc. 127, p. 3, n.2). The BOP cited 28 U.S.C. § 2674, which provides that "[t]he United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages."

It is clear from the text of this provision, and the jurisprudence interpreting it, that the United States may not be held liable for punitive damages in general.[7] As the Fifth Circuit has pointed out, "the Federal Tort Claims Act expressly retains

---

[7] The provision does contain a caveat in cases where "death was caused, [and] the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature." See 28 U.S.C. § 2674. In these cases, "the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death." Id. Obviously, since no death was caused in this case, then this element of the provision does not apply here.

sovereign immunity from liability for punitive damages." <u>In re Supreme Beef Processors, Inc.</u>, 468 F.3d 248, 263 (5th Cir. 2006).[8] Given the lack of ambiguity in this provision, and the absence of any evidence or argument now before the Court which may justify a deviation from it, we now find that § 2674 is controlling with respect to Mr. Burnette's claims.

Therefore, as to this issue, the BOP's motion to reconsider is **GRANTED**, and the plaintiff's claim for punitive damages is **DISMISSED WITH PREJUDICE.**

### III. Conclusion

The Court finds that the defendant is not entitled to dismissal of the plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. However, because any claims by the plaintiff to recover punitive damages in this matter are specifically barred by statute, those claims are hereby dismissed.

SIGNED on this 22nd day of October, 2009 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

---

[8] <u>Martin v. Miller</u>, 65 F.3d 434, 442 N.4 (5th Cir. 1995) ("[T]he Federal Tort Claims Act, specifically declared that the United States will not be liable for punitive damages."); <u>Sanchez v. Rowe</u>, 870 F.2d 291, 293 (5th Cir. 1989) (holding that, even in situations involving bad faith by the government actor, a plaintiff's claim for punitive damages was "barred by the FTCA prohibition against punitive damages").